UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TRAVIS LAMONE BENJAMIN,

    Plaintiff,

v.                                         Case No. 3:23cv5400-MCR-HTC

JONATHAN ISAAC ROTSTEIN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Travis Lamone Benjamin, proceeding *pro se* and *in forma pauperis*, has filed a complaint relating to Defendant Jonathan Isaac Rotstein's representation of him during a workers' compensation proceeding. ECF Doc. 1. After reviewing the complaint, the undersigned concludes it fails to establish the existence of either a non-frivolous federal claim or complete diversity between the parties. Thus, this case should be dismissed without prejudice for lack of subject-matter jurisdiction.

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[A] federal district court must have at least one of three types of subject

matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (citation omitted).

Here, Plaintiff alleges Defendant Rotstein charged an excessive fee for representing him during a workers' compensation proceeding.[1] Plaintiff alleges this conduct violated the Eighth Amendment, 18 U.S.C. § 1341, and 18 U.S.C. § 1349. However, Plaintiff does not have a viable claim under any of these provisions of law.

The Eighth Amendment limits only the federal and state governments and does not apply to a private party such as Rotstein. *See Austin v. United States*, 509 U.S. 602, 609-10 (1993) ("The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, 'as *punishment* for some offense.'") (quoting *Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989)) (emphasis in original); *Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288 (11th Cir. 2021) ("The Excessive Fines Clause applies only to 'fines,' i.e., payments to a sovereign as punishment for some offense.") (internal quotations, alteration, and citation omitted).

---

[1] Records from a case Plaintiff brought against Rotstein in state court suggest Rotstein filed an attorney's fee lien after he withdrew as counsel. *See Benjamin v. Rotstein*, Escambia Cnty. Circuit Case No. 2021 CA 001532 (Plaintiff's July 12, 2021 Motion for Summary Judgment). It does not appear Rotstein was ever properly served in the state court case.

Case No. 3:23cv5400-MCR-HTC

Similarly, 18 U.S.C. §§ 1341 & 1349 are criminal statutes that do not provide Plaintiff with a private cause of action. *See Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977) (holding no private right of action exists under the mail fraud statute, 18 U.S.C. § 1341); *Reynolds v. Wilkerson*, 2014 WL 4062771, at *4 (N.D. Cal. Aug. 14, 2014) (finding 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1349 (conspiracy) are "criminal statutes that confer no private causes of action and thus cannot serve as the basis for federal question jurisdiction"). Plaintiff's complaint, therefore, fails to present a non-frivolous federal claim. *See Kinsey v. King*, 257 F. App'x 136, 139 (11th Cir. 2007) ("Any state-law claims, including legal malpractice, arise out of Gould's representation of the Kinseys in negotiating a settlement agreement and his refusal to continue that representation after the Kinseys rejected that agreement. The district court lacks federal question jurisdiction over any such claims.").

In addition, Plaintiff's complaint fails to establish the Court has diversity jurisdiction. Plaintiff indicates both he and Defendant Rotstein are located in Florida, which suggests the parties are not diverse. *See McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1280 (M.D. Ala. 1998) ("[F]or diversity jurisdiction to exist, there must be 'complete diversity,' that is, each defendant must be a citizen of a state different from that of each plaintiff.") (citations omitted). Furthermore, nowhere in the complaint does Plaintiff suggest the amount in

controversy exceeds $75,000. *See Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018) ("To invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000.") (citing 28 U.S.C. § 1332(a)).

Because Plaintiff has not established this case involves a question of federal law, or that the Court has diversity jurisdiction, the case should be dismissed without prejudice. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE because the Court does not have subject-matter jurisdiction over Plaintiff's claims.

2. That the clerk close the file.

At Pensacola, Florida, this 15th day of March, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:23cv5400-MCR-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:23cv5400-MCR-HTC